IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon Michael Clark,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ValueOptions, Inc.,<br><br>　　　　Defendants. | No. CV 03-1344-PHX-EHC (MS)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Plaintiff's "Motion for Leave of Court to File Amended Complaint" (Doc. # 143). Plaintiff requests that the Court grant leave for him to file his proposed amended complaint, which he says cures deficiencies, adds additional defendants uncovered through discovery, and adds a claim of medical negligence. Plaintiff further argues that the additional defendants, unnamed by Plaintiff in his motion for leave to amend, as well as the additional claim of medical negligence "relate back" to his original complaint.

Plaintiff is correct that FED. R. CIV. P. 15(a) permits a Court to grant leave to amend a complaint "freely . . when justice so requires." However, the right to amend is not absolute. Foman v. Davis, 371 U.S. 178, 182 (1962). In deciding whether justice requires granting leave to amend, the court should consider the factors of the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party

and the futility of the proposed amendment. Id. at 182-83. Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Pkg Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

Plaintiff seeks to add seventeen additional defendants. Defendant requests that the court deny Plaintiff's motion to add other defendants because the claims against the other agents are barred by the statute of limitations in A.R.S. §12-542(1). Because 42 U.S.C. §1983 has no limitations period, federal courts apply the state statute of limitations applicable to the most similar cause of action from the state in which the cause of action arose. DeLuna v. Farris, 841 F.2d 312, 313 (9th Cir. 1988). In a §1983 action, the proper statute of limitations is the personal injury statute of limitations. Wilson v. Garcia, 471 U.S. 261, 276 (1985). The Arizona personal injury statute of limitations, set forth in A.R.S. §12-542(1), provides a two-year limitation period. DeLuna, 841 F.2d at 313. The alleged event occurred no later than August 30, 2002. Therefore, if not tolled, the statute of limitations ran on August 30, 2004 and plaintiff is barred from now suing these defendants. Unless the addition of the new defendants relates back to the time of the original complaint pursuant to Rule 15(c),[1] amendment will be futile.

Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the

---

[1] The Ninth Circuit has held that in §1983 claims the state law rather than Rule 15(c) governs relation back provisions on a motion to amend. Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989), citing Cabrales v. County of Los Angeles, 864 F.2d 1454, 1462 (9th Cir. 1988), vacated, 109 S.Ct. 1197, opinion reinstated, 886 F.2d 235. Arizona's amendment rule is the same as Rule 15(c) of the Federal Rules of Civil Procedure. Compare, Rule 15(c), Arizona Rules of Civil Procedure with Rule 15(c), Federal Rules of Civil Procedure..

> party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c), Federal Rules of Civil Procedure.

Relation back depends on four factors: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. Schiavone v. Fortune, 477 U.S. 21, 29 (1986).

The first factor is satisfied in this case because the allegations against the proposed defendants arise out of the same event specified in the original complaint.

However, the remaining three factors are not satisfied in this case. There is no indication that the proposed defendants received notice of the action or should have known about the action so they would not be prejudiced by amendment. Notice may be formal, accomplished through service of process, or informal if the proposed defendant is aware that the complaint has been filed and is not prejudiced. Korn v. Royal Caribbean Cruise Line, Inc, 724 F.2d 1397, 1399 (9th Cir. 1984). Clearly, the proposed defendants did not receive any formal notice through service of process. Nor is there any indication that they knew the complaint had been filed. Plaintiff's motion to add the additional defendants should be denied as such amendment would be futile. Moore, 885 F.2d at 538.[2]

With regard to Plaintiff's proposed addition of a medical negligence claim, Plaintiff has already amended his complaint twice, thereby providing ample opportunity to include a claim for medical negligence. The additional claim is not

---

[2] Plaintiff does not argue in the alternative that the statute of limitations should be tolled on his behalf, but such an argument is meritless and unsupported by the record.

1  derived from facts uncovered through the discovery process, and Plaintiff would
2  have had knowledge of the facts necessary to allege a medical negligence claim
3  when he filed his original complaint and two amendments.  See Fidelity Financial
4  Corp. v. Federal Home Loan Bank, 792 F.2d 1432, 1438 (refusing to allow plaintiff
5  to file fourth amended complaint where "[t]he factual bases of the claims were known
6  to [plaintiff] long before").  Moreover, "[t]he district court's discretion to deny leave
7  to amend is particularly broad where plaintiff has previously amended the
8  complaint," Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.
9  1989).  Because Plaintiff has twice previously amended his complaint, his motion to
10 add the additional claim should be denied as such amendment could have been
11 added when Plaintiff twice previously amended his complaint.
12 In light of the foregoing,
13      IT IS RECOMMENDED THAT Plaintiff's "Motion for Leave of Court to File
14 Amended Complaint" (Doc. # 143) be DENIED.
15      This recommendation is not an order that is immediately appealable to the
16 Ninth Circuit Court of Appeals.  Any notice of Appeal pursuant to Rule 4(a)(1),
17 Federal Rules of Appellate Procedure, should not be filed until entry of the district
18 court's judgment.  The parties shall have ten (10) days from the date of service of
19 a copy of this recommendation within which to file specific written objections with the
20 Court.  28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of
21 Civil Procedure.  Failure to timely file objections to any factual determinations of the
22 Magistrate Judge will be considered a waiver of a party's right to *de novo*
23 consideration of the factual issues and will constitute a waiver of a party's right to
24 appellate review of the findings of fact in an order or judgment entered pursuant to
25 the Magistrate Judge's recommendation.
26      DATED this 31st day of October, 2005.

27
28                                      _____
                                         Morton Sitver
                                         United States Magistrate Judge

- 4 -