IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon Michael Clark, ) | No. CV 03-1344-PHX-EHC (MS) |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Value Options, Inc., et al., ) | |
| Defendants. ) | |

Pending before the Court are Plaintiff's Motion to Strike Affidavit of Robert Walters, Ph.D. (Doc. # 219), Motion for Entry of Default (Doc. # 221), and Motion for Leave to Late File Newly Discovered Evidence (Doc. # 222). Plaintiff requests that this Court strike Defendant ValueOptions' proffered affidavit by Dr. Walters as it advances improper legal conclusions. Further, Plaintiff requests leave to file newly obtained evidence and requests a default judgment against Defendant Marshall as she has not yet answered the complaint. The Court will address each motion in turn.

**I. Motion to Strike**

Plaintiff seeks to strike the affidavit of Dr. Robert Walters, submitted by Defendant ValueOptions, Inc. Plaintiff asserts that the affidavit was submitted "well after the deadline for discovery, is based on conjecture and speculation, is irrelevant and impermissibly advances improper legal conclusions as well as is based on unreliable foundation." See Doc. # 219 at 1. Plaintiff's motion mirrors verbatim the

1 motion to strike filed by Defendant ValueOptions with respect to the affidavit
2 submitted by Plaintiff's expert Michael Robinson, a former employee of
3 ValueOptions.
4     The Court will recommend that Plaintiff's motion be denied. Plaintiff argues,
5 and the record reflects that Defendant ValueOptions submitted Dr. Walters' affidavit
6 on October 13, 2004 in its response/objection to Plaintiff's statement of facts in
7 support of his cross-motion for summary judgment. (Doc. # 100). Both Defendant
8 ValueOptions' first motion for summary judgment (Doc. # 57) and Plaintiff's cross-
9 motion for summary judgment (Doc. # 78) were denied on August 2, 2005. (Doc. #
10 121). As a result, the Walters affidavit is not being considered during the current
11 summary judgment proceedings. Accordingly, the Court will recommend that
12 Plaintiff's motion be denied.

**II. Motion for Default**

14     Plaintiff's next motion requests the entry of a default judgment against
15 Defendant Karen Marshall. Plaintiff avers that he mailed the complaint and a waiver
16 of service of summons to Defendant Marshall at Defendant ValueOptions' place of
17 business, as Defendant ValueOptions had previously agreed to accept service on
18 behalf of Defendant Marshall. Plaintiff further avers that Defendant Marshall has not
19 responded within the 20 days since the date of service, as required by Fed. R. Civ.
20 P. 4.
21     Plaintiff's motion is premature. As Plaintiff is aware, Defendant ValueOptions,
22 in their Notice to the Court (Doc. # 215), sought dismissal of Defendants Karen
23 Marshall and Thomas Crumbley resulting from Plaintiff's failure to effect service on
24 either within the time frame established by this Court's December 8, 2005 Order. On
25 March 15, 2006, the undersigned recommended that both Defendants Marshall and
26 Crumbley be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4.
27 Specifically, Plaintiff had failed to serve either defendant within the 80 days provided

by the Court.[1]  Moreover, Plaintiff has failed to effect service on either Defendant since this Court ordered service on September 24, 2004.

Because the undersigned's Report and Recommendation with respect to whether Marshall and Crumbley should be dismissed for failure to serve has not yet been ruled upon, a default judgment against Defendant Marshall would be premature.  If Defendant Marshall is not dismissed, and the Court finds service has been properly effected on her, should Defendant Marshall not respond in the time permitted by the Court, Plaintiff may renew his motion for entry of default, if he so chooses.

### III. Motion for Leave to File Newly Discovered Evidence

Plaintiff's final motion requests again to file newly discovered evidence opposing summary judgment.  Plaintiff filed his Response to Defendant ValueOptions' Motion for Summary Judgment on November 1, 2005 (Doc. # 161). Since that time, Plaintiff has filed (or has requested leave to file) 3 addendums and supplements to his Response (See Docs. # 167, 172, 198, 211, 222).  The undersigned granted Plaintiff's requests as to Docs. # 167, 172, and 198. However,

---

[1] Plaintiff has articulated in two pleadings that he believes this Court shortened the time he had to effect service on Defendants Marshall and Crumbley.  As this Court articulated in its March 15, 2006 Report and Recommendation, Plaintiff is mistaken.  On December 8, 2005 this Court provided Plaintiff 60 days from the filing of that Order to effect service on Defendants Marshall and Crumbley.  On December 23, 2005 Plaintiff moved for the Court to resend service packets to Plaintiff, and asked for additional time to effect service. (Doc. # 193).  On December 27, 2005, the Court denied Plaintiff's request for additional service packets as the docket reflected that they had been mailed to Plaintiff on December 8, 2005, but the Court did grant Plaintiff an additional 20 days to effect service in addition to the 60 days already provided.  That deadline expired on February 27, 2006 (see Doc. # 216). On March 3, 2006 Plaintiff informed the Court that he had mailed a copy of the complaint to Defendant Marshall.  The undersigned acknowledges that the Order of December 27, 2005 implies that Plaintiff had 20 days from that filing date to effect service. However, the undersigned intended and did convey to Plaintiff a total of 80 days to effect service as noted in the Report and Recommendation of March 15, 2006.  Notwithstanding the 80 days, Plaintiff did not effect service on either Defendant within that time frame.

1  the undersigned recommended that Plaintiff's motion to supplement at Doc. # 211
2  be denied. The undersigned will again recommend that Plaintiff's instant motion for
3  leave to file newly discovered evidence be denied. Both Defendant ValueOptions'
4  and Plaintiff's cross motions for summary judgment have been pending since
5  September of last year. If Plaintiff is permitted to supplement his opposition to
6  Defendant ValueOptions' motion for summary judgment without limitation, the Court
7  will be unable to rule on Defendant ValueOptions' pending motion. As a result, the
8  Court will recommend that Plaintiff's instant motion to supplement (Doc. # 222) be
9  denied.

10      In accordance with the foregoing,

11      IT IS RECOMMENDED THAT Plaintiff's Motion to Strike Affidavit of Robert
12  Walters, Ph.D. (Doc. # 219) be DENIED.

13      IT IS FURTHER RECOMMENDED THAT Plaintiff's Motion for Entry of Default
14  (Doc. # 221) be DENIED without prejudice.

15      IT IS FURTHER RECOMMENDED THAT Plaintiff's Motion for Leave to Late
16  File Newly Discovered Evidence (Doc. # 222) be DENIED.

17      This recommendation is not an order that is immediately appealable to the
18  Ninth Circuit Court of Appeals. Any notice of Appeal pursuant to Rule 4(a)(1),
19  Federal Rules of Appellate Procedure, should not be filed until entry of the district
20  court's judgment. The parties shall have ten (10) days from the date of service of
21  a copy of this recommendation within which to file specific written objections with the
22  Court. 28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of
23  Civil Procedure.

24  ///
25  ///
26  ///
27  ///
28

1     Failure to timely file objections to any factual determinations of the Magistrate
2 Judge will be considered a waiver of a party's right to *de novo* consideration of the
3 factual issues and will constitute a waiver of a party's right to appellate review of the
4 findings of fact in an order or judgment entered pursuant to the Magistrate Judge's
5 recommendation.

7     DATED this 7th day of April, 2006.

*/s/ Morton Sitver*
Morton Sitver
United States Magistrate Judge