IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Shannon Michael Clark, | ) | No. CV 03-1344-PHX-EHC (MS) |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Value Options, Inc.; Karen Marshall; Thomas Crumbley, | ) ) ) | |
| Defendants. | ) ) ) | |

Pending before the Court are three matters that should be resolved before addressing the pending Motions for Summary Judgment: (1) a Report and Recommendation [dkt. 255] regarding Plaintiff's Motion to Strike Affidavit of Robert Walters, Ph.D. [dkt. 219], Motion for Entry of Default [dkt. 221], and Motion for Leave to Late File Newly Discovered Evidence [dkt. 222], (2) Plaintiff's Objection [dkt. 169] to Magistrate Judge Sitver's Order of October 27, 2005 [dkt. 157], and (3) Defendant ValueOptions' Motion to Strike Second Affidavit of Michael Robinson, LCSW [dkt. 208]. These matters are fully briefed.

**1.    Report and Recommendation**

On April 7, 2006, Magistrate Judge Morton Sitver issued a Report and Recommendation [dkt. 225] regarding Plaintiff's Motion to Strike Affidavit of Robert

Walters, Ph.D. [dkt. 219], Motion for Entry of Default [dkt. 221], and Motion for Leave to Late File Newly Discovered Evidence [dkt. 222]. Plaintiff filed an Objection. [Dkt. 230].

### A. Motion to Strike

Plaintiff filed a Motion to Strike the Affidavit of Dr. Walters on the ground that it is untimely discovery material and contains improper expert opinion.[1] Magistrate Judge Sitver recommended denying the Motion to Strike and Plaintiff objected. After reviewing the Motion to Strike and related briefing de novo, the Court will deny the Motion to Strike. The Affidavit was not untimely disclosed; it was filed on October 13, 2004 [dkt. 58, ex. 1] and the discovery deadline was October 19, 2004 [dkts. 37, p. 2; 175, p. 3 fn. 1]. The Affidavit offers Dr. Walters' opinion that Defendant ValueOptions appropriately determined Plaintiff was not eligible for Seriously Mental Ill services. Because Dr. Walters is a licensed psychologist familiar with the procedures for determining eligibility, his opinion is relevant.

### B. Motion for Entry of Default

Plaintiff moved for entry of default as to Defendant Karen Marshall. [Dkt. 221]. On April 24, 2006, the Court noted that Defendant Marshall had not been served and ordered service packets be sent to Plaintiff to serve Defendant Marshall. [Dkt. 229]. In these circumstances, entry of default would be improper.

### C. Motion for Leave to Late File

Magistrate Judge Sitver recommended denying Plaintiff's Motion for Leave to Late File Newly Discovered Evidence. Plaintiff has been allowed to supplement his Response to Defendant ValueOptions' Second Motion for Summary Judgment three times. [See dkts. 167, 172 & 200]. The Court denied Defendant ValueOptions' First Motion for Summary Judgment to provide Plaintiff an opportunity to present evidence supporting his claims.

---

[1] In his Reply [dkt. 227], Plaintiff argues that the Affidavit should be stricken because Dr. Walters was not disclosed in Defendant ValueOptions' initial disclosures. The Court will not address an argument first raised in a Reply. See Armentero v. INS, 412 F.3d 1088, 1095 (9th Cir. 2005) ("Failure to raise an argument in an opening brief constitutes waiver.").

[Dkt. 121]. Allowing Plaintiff another opportunity to supplement his Response, would further delay resolution of the Motion for Summary Judgment, which was filed on September 2, 2005.

**2.     Plaintiff's Objection**

Plaintiff filed an Objection [dkt. 169] to Magistrate Judge Sitver's Order denying Plaintiff's Motion to Reopen Discovery and Motion to Appoint Counsel. The Motion to Reopen Discovery was properly denied given the opportunities, discussed above, Plaintiff has had for discovery. Plaintiff does not point to any specific reason why Magistrate Judge Sitver erred in denying Plaintiff's Motion to Appoint Counsel instead arguing "this entire case, its filings and all of the complications" demonstrate that Plaintiff is entitled to counsel.

**3.     Defendant ValueOptions' Motion to Strike**

Defendant ValueOptions filed a Motion to Strike Second Affidavit of Michael Robinson, LCSW on the ground that Robinson's expert opinion does not comply with Fed. R. Evid. 702. [Dkt. 208]. Robinson testified that he has "conducted several hundred Adult Intake Assessment[s] as an Evaluator for ValueOptions, Inc. and for various community based mental health agencies." [Dkt. 197]. Based on his experience, he offers the opinion that Defendant ValueOptions failed to properly consider Plaintiff's medical records and should have deemed him eligible for their services. Given his experience, Robinson's opinions conform to Rule 702's requirements for expert opinion.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation [dkt. 225] is **ADOPTED** as stated in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Affidavit of Robert Walters, Ph.D. [dkt. 219] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default [dkt. 221] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Late File Newly Discovered Evidence [dkt. 222] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection [dkt. 169] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant ValueOptions' Motion to Strike Second Affidavit of Michael Robinson, LCSW [dkt. 208] is **DENIED**.

DATED this 9th day of May, 2006.

*/s/ Earl H. Carroll*
Earl H. Carroll
United States District Judge